**CEDAR PARK WATER SUPPLY COR-
PORATION, Appellant,**

v.

**LEANDER INDEPENDENT SCHOOL
DISTRICT, Appellee.**

No. 11845.

Court of Civil Appeals of Texas,
Austin.

June 16, 1971.

Rehearing Denied July 7, 1971.

McGinnis, Lochridge & Kilgore, B. D.
St. Clair, Austin, for appellant.

McCreary, Huey & Eskew, Doren R. Es-
kew, Austin, for appellee.

SHANNON, Justice.

Appellant, Cedar Park Water Supply
Corporation, filed a declaratory judgment
suit in the District Court of Williamson
County against appellee, Leander Inde-
pendent School District, to determine
whether it was exempt from appellee's ad
valorem taxes. Both appellant and appel-
lee filed motions for summary judgment,

and the District Court granted appellee's motion and denied appellant's.

We reverse the judgment of the trial court and render judgment in favor of appellant.

Appellant is a nonprofit water supply corporation organized pursuant to the provisions of Article 1434a, Vernon's Ann. Civ.St., and is engaged in providing water to the public in and near Cedar Park.

Article VIII, Section 2 of the Constitution of Texas Vernon's Ann.St. authorizes the Legislature to exempt from taxation "public property used for public purposes."

Section 23 of Article 7150, V.A.C.S., passed by the 61st Legislature and effective September 1, 1969, exempts property of nonprofit water supply corporations from taxation, and provides: "Non-profit water supply corporations—All real and personal property owned by a nonprofit water supply corporation which is reasonably necessary for, and is used in, the operation of the corporation in the acquisition, storage, transportation, sale and distribution of water is exempt from taxation."

Appellant maintains that the Legislature, pursuant to Article VIII, Section 2, has exempted its property from taxation by the enactment of Section 23 of Article 7150. Appellee says that appellant's property is not exempt because it is not "publicly owned" and, additionally, because Section 23 is not effective since the proposed constitutional amendment specifically authorizing exemption of nonprofit water corporations was not adopted. In that connection the 61st Legislature proposed an amendment to Section 2, Article VIII, specifically exempting from taxation all real and personal property owned by a nonprofit water supply corporation. However, this proposed amendment was defeated at the Special Election of August 5, 1969.

■ The Legislature may, pursuant to Section 2 of Article VIII of the Constitu-

tion, provide for the exemption from taxation of property which is privately owned if the property is devoted to a purpose which gives it a public character. City of Beaumont v. Fertitta, 415 S.W.2d 902 (Tex.1967), Daugherty v. Thompson, 71 Tex. 192, 9 S.W. 99 (1888), Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W.2d 48 (1945).

■ We hold that appellant's property, although privately owned, is devoted to a purpose which gives it a public character within the meaning of *Fertitta*, supra. Appellant was created to supply fresh water for general farm and residential use to the people of Cedar Park. Before appellant's incorporation, the people in that area depended on cisterns, wells, and stock tanks. There is no profit from the operation of the system. No dividends are paid, and the officers and directors serve without compensation. Appellant has only one regular employee, and when necessary, other people are hired temporarily, or work is done by independent contractors.

All property owned by appellant is necessary for acquisition, storage, transportation, sale and distribution of water to members. This property consists of water lines, pumps, meters, storage tanks, tools and equipment, right-of-way easements for water lines, and certain real property where storage tanks and pumps are located.

The objective of appellant is to furnish water at the lowest cost. Appellant buys the water supplied to its members from the City of Austin. Water rates are set by appellant's Board of Directors at a level to pay operating expenses, to meet its debt service, and to maintain reserves for maintenance, replacements and extensions of the system. If there are any monies left after the operation of the system. It is refunded to the members on a patronage basis.

Appellant furnishes water on a non-discriminatory basis to every interested per-

son in the service area, so long as appellant has the capability or capacity to provide it. Appellant's members control its operation. A person becomes a member on payment of the prescribed membership fee which also entitles one to a meter connection, and to one vote in appellant's affairs.

Appellee's reliance on Texas Turnpike Company v. Dallas County, 153 Tex. 474, 271 S.W.2d 400 (1954) is misplaced. The question in that case was whether the turnpike companies were exempt under Article XI, Section 9 of the Constitution from payment of property taxes. Article VIII, Section 2 was not there involved because no legislation had been enacted granting an exemption to the turnpike companies. Consequently, the issue there was whether the turnpike property was "publicly owned" so as to qualify for an exemption under the self-executing provisions of Article XI, Section 9, and the Court held that the property was not publicly owned, hence, not tax exempt.

Tarrant County Water Supply Corporation v. Hurst-Euless-Bedford Independent School District, 391 S.W.2d 162 (Tex.Civ. App.1965, writ ref., n. r. e.) is likewise not in point. When that case was decided, there was no legislation, as is here, exempting property of water corporations from taxation, and the claimed exemption was based on the proposition that the water corporation property was "publicly owned" and exempt under the self-executing provisions of Article XI, Section 9.

 Appellee further contends that the Legislature did not intend for Section 23 of Article 7150 to become effective unless the proposed constitutional amendment specifically exempting from taxation the property of nonprofit water supply corporations was adopted. As mentioned above that constitutional amendment was not adopted at the August 5, 1969 Special Election. Consequently, appellee argues, Section 23, Article 7150 is a nullity. We are not impressed with this argument. Section 23 was not conditioned on the passage of the constitutional amendment. Section 23 is not ambiguous, and we find nothing in that Section or in the proposed constitutional amendment which indicates that either was dependent upon the other. Article VIII, Section 2 authorizes the Legislature to exempt from taxation public property used for public purposes, and the proposed constitutional amendment and its defeat do not change its meaning and effect. If Section 23 comes within the meaning of Article VIII, Section 2, as we have held, then Section 23 is constitutional and the defeat of the proposed constitutional amendment is immaterial.

The judgment of the trial court is reversed and judgment is here rendered that the property of appellant is exempt from taxation by appellee.

Reversed and rendered.