**LEANDER INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**CEDAR PARK WATER SUPPLY CORPORATION, Respondent.**

**No. B-2903.**

Supreme Court of Texas.

April 19, 1972.

Rehearing Denied May 31, 1972.

McCreary, Huey & Eskew, Doren R. Eskew, Austin, for petitioner.

McGinnis, Lochridge & Kilgore, B. D. St. Clair, Austin, for respondent.

WALKER, Justice.

The principal question to be decided in this case is whether the Legislature may validly exempt the property of a nonprofit water supply corporation from taxation. We hold that it may not.

The suit was brought by Cedar Park Water Supply Corporation against Leander Independent School District to obtain a judgment declaring that Cedar Park's property is exempt from taxation. Both parties moved for summary judgment, and Leander's motion was granted by the trial court. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment declaring that the property is exempt. 469 S.W.2d 19. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

In 1969 the 61st Legislature added a number of new sections to Art. 7150.[1] Two of these new sections are each designated as Section 23. We are not concerned with one of them, but the other provides as follows:

> Sec. 23. All real and personal property owned by a nonprofit water supply corporation which is reasonably necessary for, and is used in, the operation of the corporation in the acquisition, storage, transportation, sale and distribution of water is exempt from taxation.

Cedar Park is incorporated as a water supply corporation under the provisions of Art. 1434a. It buys water from the City of Austin and sells the same to residents in the area of the rural community that it serves. Consumers served by the company may become members upon payment of a $50.00 membership fee, which entitles the member to one connection to the company's water main and one vote at membership meetings. The company operates on a nonprofit basis. It pays no dividends to its members as such and no salaries to its officers and directors. Any profits arising from its operations can be distributed only on a patronage basis to those who have done business with the company. All property owned by the company is necessary for, and is used in, its operations in the acquisition, storage, transportation, sale and distribution of water. It is clear then that the company and its property satisfy all the requirements of Art. 7150, Sec. 23, quoted above.

Shortly before adopting S.B.No.54, which was the amendment to Art. 7150 mentioned above, the 61st Legislature passed S.J.R. No. 6 proposing an amendment to Art. VIII, Sec. 2, of the Texas Constitution, Vernon's Ann.St. The proposed amendment would

---

1. Except as otherwise indicated all statutes are referred to by the article number under which they appear in Vernon's Annotated Texas Statutes.

have added language explicitly authorizing the Legislature to exempt all property of a nonprofit water supply corporation necessary for and used in its business of acquiring, storing, transporting, and selling water. It was rejected by the voters at an election held on August 5, 1969. S.B.No.54 was not passed by a record vote and could not have become effective until after the election on the constitutional amendment was held.

Leander contends that the Legislature intended for the amendment to Art. 7150 to become effective only if the constitutional amendment was approved by the people. After pointing out that the two amendments deal with the same subject matter, it says the lawmakers must have known that they had no power to exempt the property of a nonprofit water supply corporation under the Constitution as it then existed. We are then reminded that S.J.R.No.6 was passed by each branch of the Legislature prior to taking action on the statutory amendment, and that the latter could not possibly become effective until after the voters acted on the constitutional amendment. These circumstances make it clear, Leander argues, that the Legislature did not intend to grant tax immunity to water supply corporations unless the constitutional amendment was adopted. We do not agree.

█ As will appear from our discussion of the constitutional question set out below, a literal reading of Art. VIII, Sec. 2 of the Constitution indicates that the Legislature has no power to exempt the property of a privately owned water supply corporation. On the other hand statements in certain opinions of this Court seem to recognize the power to exempt any privately owned property that is used for a public purpose. The question had not been settled in 1969, and there is nothing in either the statute or the proposed constitutional amendment to suggest that either is dependent upon the other. In our opinion the Legislature intended to grant the exemption if it had the power to do so and proposed the constitutional amendment to undergird the statute

in the event that later proved to be necessary. This brings us to the question of whether the statute granting the exemption is constitutional.

It will be necessary to notice two sections of the Constitution. One of them is Art. VIII, Sec. 2, which authorizes the Legislature to grant exemptions from taxation. The other is Art. XI, Sec. 9, which exempts certain property by its own terms. These two sections provide as follows:

### *Article VIII, Section 2*

All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; actual places or [of] religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages,

that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void.

### Article XI, Section 9

The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor, fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing.

A reading of these two sections indicates that the framers of the Constitution contemplated: (1) that Art. XI, Sec. 9, would apply only to property owned by counties, cities and towns, and would operate to exempt the property of these political subdivisions provided it was devoted exclusively to a public use; and (2) that other property publicly owned and used for a public purpose might be exempted by the Legislature under the provisions of Art. VIII, Sec. 2. It has been held, however, that Art. XI, Sec. 9, exempts all public property used for public purposes even though not owned by a county, city or town. Lower Colorado River Authority v. Chemical B. & T. Co., 144 Tex. 326, 190 S.W.2d 48. A vigorous dissenting opinion was filed by Chief Justice Alexander, who observed that the people in adopting Art. VIII, Sec. 2, and Art. XI, Sec. 9, must have intended that some public property used for public purposes should be exempt from taxation automatically while other public property used for public purposes might be exempted or taxed according to the will of the Legislature. The majority disclaimed any obligation to harmonize

the two sections and insisted that this duty was performed by Chief Justice Stayton in Daugherty v. Thompson, 71 Tex. 912, 9 S. W. 99.

The question in *Daugherty* was the validity of an assessment of ad valorem taxes against one who held a two-year lease on county school land. After referring to the statutes dealing with the taxation of leasehold estates in exempt property and providing for the exemption of schools, houses of public worship, and institutions of purely public charity, the Court noted that the exemption statute was doubtless enacted under the power expressly conferred upon the Legislature by Art. VIII, Sec. 2. It then stated:

. . . That section of the constitution seems to apply to property owned by persons or corporations in private right, but which, from the use to which it is applied, is, in a qualified sense, deemed public property. . . .

. . . As before said, section 2, art. 8, of the constitution, gave to the legislature the power to exempt property held in private ownership, but used for purposes which give to it a public character. Section 9, of article 11, however, exempts from taxation "property of counties, cities, and towns owned and held only for public purposes, such as public buildings and sites therefor, fire-engines and the furniture thereof, and all property used or intended for extinguishing fires, public grounds, and all other property devoted exclusively to the use and benefit of the public." . . .

In one of our more recent opinions, it was said in passing that the first sentence in the preceding quotation is a clear definition of what is meant by "public property used for public purposes" in Art. VIII, Sec. 2. City of Beaumont v. Fertitta, Tex.Sup., 415 S.W.2d 902. Upon further consideration of the matter, we have concluded that this is not a proper construction of the opinion in *Daugherty*. There the Court was not attempting to define "public prop-

erty used for public purposes," and it was not concerned with the power of the Legislature to exempt any privately owned property used for a public purpose. It was concerned with the taxation of public school land owned by a county but held and used under a lease for private purposes.

When the sentence in question is read in context, the words "that section" obviously refer to the entire section rather than to a single clause. The section did authorize the Legislature to exempt certain property held in private ownership and used for purposes that gave it a public character, i. e. places of religious worship, places of burial not held for private or corporate profit, and buildings used exclusively for school purposes. Later in the opinion the Court was contrasting the general thrust of Art. VIII, Sec. 2, with that of Art. XI, Sec. 9. It pointed out that while the former gave the Legislature power to exempt property held in private ownership but used for public purposes, the latter itself operated to exempt the property therein described and that "what the constitution exempts from taxation the legislature has no power to require to be taxed."

We are satisfied that the quoted excerpts from the opinion in *Daugherty* are simply general observations concerning Art. VIII, Sec. 2, and cannot properly be regarded as a definition of the words "public property used for public purposes." About three years later the Court, again speaking through Chief Justice Stayton, did express its opinion as to the meaning of that clause. In St. Edwards University v. Morris, 82 Tex. 1, 17 S.W. 512, suit was brought to enjoin the sale for taxes of land owned by a private corporation. About five acres of land was used for school purposes, and the remainder was used as a farm. The trial court enjoined the sale of the five acres but held that the remainder of the land was subject to taxation. This judgment was affirmed on appeal, and in the course of its opinion the Court stated:

. . . It is now claimed that the court erred in not holding the entire tract ex-

empt from taxation. The only part of the constitution of this state which can have any bearing on the question before us is article 8, § 2, which provides that "the legislature may, by general laws, exempt from taxation public property used for public purposes; actual places of religious worship; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes; and the necessary furniture of all schools and institutions of purely public charity; and all laws exempting property from taxation, other than the property above mentioned, shall be void." It cannot be claimed that the property of appellant is public property used for public purposes, for to give it such character it is believed that the ownership should be in the state or some of its municipal subdivisions, and it may be that its use would have to be not only under their control, but for a purpose for which the state or such municipal subdivisions are authorized to use property held by them for the benefit of the public. . . .

Once the gratuitous statements in earlier opinions are put aside, the question in the present case is relatively simple. The language of the Constitution must be presumed to have been carefully selected, and the words used are to be interpreted as the people generally understood them. Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147. In this instance the Legislature is authorized to exempt "public property used for public purposes." It is essential then that the property be used for public purposes but that in itself is not enough. The property must, wholly apart from its use, be "public property." In our opinion this means public ownership, and the Texas courts have never held to the contrary. We accordingly now hold that the clause in question authorizes the Legislature to exempt only publicly owned property used for public purposes.

According to our present decision, the framers of the Constitution provided in Art.

VIII, Sec. 2, that the Legislature might exempt public property used for public purposes. According to the holding in *Lower Colorado River Authority*, they provided in Art. XI, Sec. 9, that all such property would be automatically exempt from taxation, and we have done nothing more to harmonize the two sections than was done by the Court in that case. As pointed out earlier in this opinion, however, we believe they could have been harmonized in the beginning. The holding in *Lower Colorado River Authority* will not be disturbed since it is now firmly embedded in our jurisprudence, but we do not feel compelled by the construction there given one provision of the Constitution to adopt what we regard as an erroneous interpretation of a clause in an entirely different section.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.