

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 15, 1972

Honorable Hugh C. Yantis, Jr.  Opinion No. M-1070
Executive Director
Texas Water Quality Board   Re: Whether a non-profit
Lowich Building        private corporation
Austin, Texas  78701     created under Article
              1434a, V.C.S., can be
              granted State of Texas
              assistance for the erec-
              tion of a sewage plant
              pursuant to Subchapter I,
Dear Mr. Yantis:       of the Texas Water Code.

   You have requested our opinion as to whether Northwest
Houston Water Supply Corporation, which was organized under
Article 1434a, Vernon's Civil Statutes, constitutes a "political
subdivision" for the purpose of receiving State of Texas assist-
ance or loans under Subchapter I, Texas Water Code (Sections
21.601 through 21.612, inclusive).

   Your request further states:

   "Northwest Houston Water Supply Corporation
  is a nonprofit corporation created by special re-
  quest of the City of Houston.  Its directors are
  appointed by the Mayor of Houston; all stock in
  the corporation is held by the Mayor; the city
  guarantees payment of interest and sinking fund
  on all revenue bonds issued by the corporation;
  all improvements become the property of the city
  as soon as constructed.  The Internal Revenue
  Service has ruled that the interest on the bonds
  as well as any income received by the corporation
  is income tax free.

   ". . .

   "The City of Houston contracted with the North-
  west Houston Water Supply Corporation for that
  corporation to act as the city's agent in all
  matters connected with the providing of adequate
  water and public sanitation facilities for the
  unincorporated Acres Homes Area, which consists

-5247-

of approximately five thousand acres and a population of forty to fifty thousand individuals.

"With this fact situation in mind, your opinion is requested with reference to the following question:

Does the corporation, by the nature of its relationship with the city, qualify as the recipient of the financial assistance as provided by Subchapter I of the Texas Water Code?"

We answer the question in the negative.

This private non-profit water supply corporation known as Northwest Houston Water Supply Corporation is not a "political subdivision" under the Texas Water Code. Section 21.602(5) of the Water Code defines a political subdivision as follows:

"'Political subdivision' means a county, city, or other body politic or corporate of the state, including any district or authority created under Article III, Section 52, or Article XVI, Section 59, of the Texas Constitution, and including any interstate compact commission to which the state is a party."

Article III, Section 49-d-1, Constitution of Texas, authorizes the Legislature to provide grants and loans for water quality enhancement purposes only "to political subdivisions or bodies politic and corporate of the State of Texas . . . ." Political subdivisions are similarly defined in the Texas Water Code, Section 11.001. This is further emphasized by holdings that such corporations as here involved are "private" but quasi-public in nature, but they do not constitute "political subdivisions" of the state. Tarrant County W.S.C. v. Hurst-Euless Bedford I.S.D., 391 S.W.2d 192, (Tex.Civ.App. 1965, error ref. n.r.e.); Cedar Park W.S.C. v. Leander I.S.D., 469 S.W.2d 19 (Tex.Civ.App. 1971, error granted on other grounds and under submission since December 8, 1971). See also Attorney General Opinion No. 0-3433 (1941).

We have heretofore held that an incorporated city, as a political subdivision, may contract with a profit or non-profit corporation to perform waste disposal services, but this does not contemplate that the City in so doing delegates any of its sovereign powers. See Attorney General Opinion No. M-693 (1970).

### S U M M A R Y

A private nonprofit water supply corporation created under Article 1434a, Vernon's Civil Statutes of Texas, is not a "political subdivision" under Section 11.001 or 21.602(5) of the Texas Water Code, and cannot qualify as the recipient of the financial assistance provided by Subchapter I of the Texas Water Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin Bray
Glenn Brown
John Reeves
Joseph Sharpley

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant