

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 31, 1975

Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas   77002

Opinion No. H- 570

Re: Tax status of real property
subject to condemnation where,
after condemnor takes possession,
taking is reversed as arbitrary.

Dear Mr. Resweber:

You have requested our opinion regarding the interim tax status of condemned property as to which, after the condemnor has taken possession, the taking is declared invalid.

Article 7151, V. T. C. S., provides, in pertinent part:

> ... any... body politic having the power of condem-
> nation shall take over the possession of property
> under authority of any law authorizing it to condemn
> said property, or under an option to buy said property
> from the owner, or under an agreement by the owner
> to sell said property, or shall comply with the laws
> relating to condemnation to such an extent as to entitle
> it to the possession of said property, or to constitute
> a taking thereof from the owner or person in whose
> name title rests, then such condemning authority shall
> be considered the owner of said property for the purposes
> of all taxation from the date of taking possession thereof,
> or from the date of its complying with the condemnation laws
> to the extent that it is entitled to possession of said property,
> or from the date it has complied with the condemnation laws
> to the ext ent that there has been a taking of said property
> from the owner, whichever occurs first.

In the present instance, the City of Houston condemned a tract of land and took possession thereof on March 19, 1969, after depositing the amount of the Commissioners' award into the registry of the County Court, pursuant to article 3268, V. T. C. S.  On trial of the matter, a jury found that the taking was

arbitrary and capricious, and the original owner was restored to possession in February, 1974. See City of Houston v. Hamons, 496 S. W. 2d 662 (Tex. Civ. App. -- Houston 1973, writ ref'd n. r. e. ). Presently at issue is the tax status of the property during the period of its possession by the City of Houston.

Should it be determined that the individual retained ownership of the property for tax purposes during this interim period, he would be liable for all taxes accruing therein, for any other result would have the effect of granting tax-exempt status to otherwise non-exempt private property. In order to qualify for the "public property" exemption of article 11, section 9 of the Texas Constitution,

> [i]t is essential...that the property be used for public purposes but that in itself is not enough. The property must, wholly apart from its use, be 'public property.' In our opinion this means public owner-ship, and the Texas courts have never held to the contrary. We accordingly now hold that the clause in question authorizes the Legislature to exempt only publicly owned property used for public purposes. Leander Independent School District v. Cedar Park Water Supply Corp., 479 S. W. 2d 908 (Tex. Sup. 1972).

The proviso of article 7151 is framed in the disjunctive: the con-demning authority must either "take over the possession of property under authority of any law authorizing it to condemn said property...or... comply with the laws relating to condemnation..." (Emphasis added). Although the taking in this case was subsequently reversed because the City failed to comply with the laws relating to condemnation, the City nevertheless originally took possession of the land "under authority of" article 3268, which specifically permits possession pending litigation. Furthermore, the City did "comply with the laws relating to condemnation" to the degree that it was able to secure possession during the interim period. We are therefore of the opinion that the City of Houston complied with the proviso of article 7151 to the extent that, between March 19, 1969, and that date in February 1974, on which the individual resumed possession, the City must be "considered the owner of said property for purposes of all taxation."

We believe that such ownership for tax purposes sufficiently complies with the standard promulgated in Leander, supra, which restricts tax-exempt status to "publicly owned property used for public purposes." During the interim period, the former owner derived no more benefit from, and held no

more legal right to the property than he would have enjoyed had the jury subsequently validated the condemnation.   Accordingly, we hold that, during this period, the tax status of the realty in question was that of tax-exempt, city owned property.

## SUMMARY

Where a governmental unit takes possession of real property pursuant to the condemnation laws, and the taking is subsequently reversed, the tax status of the realty during the interim period is that of tax-exempt property owned by the condemning governmental unit.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
   Opinion Committee

jwb