THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

September 22, 1977

Honorable Joe Resweber                     Opinion No. H-1059
Harris County Attorney
Houston, Texas 77002                       Re: Tax exemption for
                                           building to house the Courts
                                           of Civil Appeals in Harris
                                           County.

Dear Mr. Resweber:

You have posed a tax exemption question.

A group of citizens in Harris County plans to form a
non-profit corporation in order to acquire an old bank building
in downtown Houston for use by the Courts of Civil Appeals.
Under the plan, the building will be officially designated
a Texas historical landmark by the Texas Historical Commis-
sion; it will be used solely as a public courthouse. Upon
acquiring the building, the group plans to dedicate it imme-
diately and irrevocably to public use, but title to it will
not be conveyed to Harris County until after the long-term
(30 years) purchase-money mortgage against it has been re-
tired by the corporation. In the meantime Harris County,
under the plan, will pay rent for its use at a rate sufficient
to discharge the mortgage but insufficient to afford the cor-
poration a profit. You ask:

> Would the proposed Court of Civil Appeals
> Building be exempt from State and County
> ad valorem taxes?

We cannot answer categorically because tax exemption
questions turn on particular facts, and many pertinent facts
are unavailable.

The Texas Constitution authorizes the Legislature to
grant certain statutory exemptions from taxation, including one
for public property used for public purposes. Tex. Const. art.
8, § 2. Article 11, section 9 of the Constitution automatically
exempts by its own terms "[t]he property of counties, cities

and towns, owned and held only for public purposes, such as public buildings and the sites therefor . . . and all other property devoted exclusively to the use and benefit of the public." For either of these "public property" exemptions to apply, however, it is essential that the property be used for public purposes; and wholly apart from its use, it must be publicly owned, not privately owned. Leander Ind. Sch. Dist. v. Cedar Park Water Supply Corp.,  479 S.W.2d 908 (Tex. 1972).

We do not believe that the proposed transaction can be structured to take advantage of the "public property" exemption, for if Harris County owns the property itself, it will have no apparent cause to pay rent for its use. See Tex. Const., art. 3, § 52; art. 11, § 3.

The Legislature is also permitted by article 8, section 2 of the Constitution to exempt from taxation certain property of purely public charities. In San Antonio Conservation Society, Inc. v. City of San Antonio,  455 S.W.2d 743 (Tex. 1970), the Texas Supreme Court upheld the exempt status of an historic property known as the Navarro House. The house was owned by a nonprofit corporation chartered for the purpose of preserving historical buildings and sites, and the corporation was operated as such in fact. It used the property exclusively as an historical site and museum for the benefit of all the public, and it never leased it or otherwise used it with a view to profit. The Supreme Court concluded that preservation of the house qualified as a "purely public charity" because the Constitution lays upon government an obligation to pre-serve the evidences of Texas' historical heritage; the pres-ervation of the house affected all the people by assuming to a material extent that which otherwise might become the duty or obligation of the community or state. Moreover, the duty to provide courtroom space for the First and Fourteenth Courts of Civil Appeals is a governmental obligation which is statu-torily imposed on Harris County. V.T.C.S. art. 1817.

If facts surrounding the building under consideration here meet the criteria set out in San Antonio Conservation Society we believe that the same reasoning would be applied to it. V.T.C.S. art. 7150, §§ 20, 22. Assuming it acquires tax-exempt status as an historical building, the anticipated rental and use of the old bank building by Harris County need not destroy that status. The Supreme Court recently held in City of McAllen v. Evangelical Lutheran Good Samaritan Society, 530 S.W.2d 806 (Tex. 1976), that an exemption will not be with-drawn so long as the charitable requirements are met, even

though the charitable purposes are joined with other, non-charitable purposes.  But see River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex. 1963).

## S U M M A R Y

It is unlikely that the planned acquisition by a non-profit corporation of an old building to be rented to Harris County as a courthouse can be structured to make the building tax-exempt as "public property," but the building might become a tax-exempt historical site.  A building owned by a non-profit corporation and rented to Harris County as a courthouse would not be exempt from taxation as "public property," but it might be exempt as an historic site under article 7150, sections 20 and 22, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst