**GRAND PRAIRIE HOSPITAL AUTHORITY, Appellant,**

v.

**DALLAS COUNTY APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.**

**No. 05–86–00787–CV.**

Court of Appeals of Texas, Dallas.

May 11, 1987.

Rehearing Denied June 12, 1987.

**850**

Jeb Loveless, Joann N. Wilkins, Dallas, for appellant.

Peter G. Smith, Roy L. Armstrong, Dallas, for appellees.

Before STEPHENS, BAKER and McCRAW, JJ.

BAKER, Justice.

Appellant, Grand Prairie Hospital Authority, is an entity organized under the provisions of the Hospital Authority Act, TEX.REV.CIV.STAT.ANN. art. 4437e (Vernon 1976). At the time of this suit appellant owned a medical office building on property located in Grand Prairie, Tarrant County, Texas, and adjacent to the hospital it operated. The medical office building was leased, in part, to physicians who were on the hospital staff. These physicians utilized this office building for their private practices. Appellant's action was brought against the appellees, Dallas County Appraisal District and Dallas County Appraisal Review Board, to obtain a judicial declaration that the medical office building was exempt from taxation. All parties moved for summary judgment, and the motions of the appellees were granted by the trial court. We affirm.

Appellant asserts three points of error which are as follows: (1) the trial court erred in granting summary judgment because genuine issues of material fact exist concerning whether appellant's property is used for public purposes; (2) the court erred in granting summary judgment because material fact issues exist concerning whether appellant's property is exempt under TEX.TAX CODE ANN. § 11.11 (Vernon 1982 & Vernon Supp.1986); and (3) the court erred in granting summary judgment because appellant's property is exempt from taxation under TEX.REV.CIV.STAT. ANN. art. 4437e, § 16 (Vernon 1976).

Section 16 of the Act states:

Recognizing the fact that the property owned by Authority will be held for public purposes only and will be devoted exclusively to the use and benefit of the public, it shall be exempt from taxation of every character.

This "public purpose" requirement is also contained in the Texas Constitution and in the Texas Tax Code as a prerequisite to tax-exempt status. See TEX. CONST. art. VIII, § 2(a) and TEX.TAX CODE ANN. § 11.11(a) (Vernon Supp.1986).

The property in question is a physicians' office building that is immediately adjacent to the appellant's hospital facility. It is undisputed that the property is publicly owned since it is held by the appellant. It is further undisputed that the office building facility is leased by private doctors at least in part for their own commercial enterprises of private medical practice. Appellant contends that the provisions of section 11.11 of the Tax Code and article 4437e, section 16, both afford appellant an exemption from taxation since the appellant's use of the property was for public purposes. Appellant contends that factually the property is tax-exempt by virtue of the provisions of section 11.11 of the Tax Code because the physicians' use of the property was related to the appellant's use of the property for public purposes. Additionally, appellant contends that since it is the owner of the property and is a political subdivision, as a matter of law the property is tax-exempt pursuant to the provisions of section 16 of article 4437e.

The appellees contend that the property in question was not used exclusively for the use and benefit of the public since private doctors were leasing the property for their own commercial enterprises and that, therefore, the appellant's office building was not entitled to the tax-exempt status claimed. Appellees contend that section 16 of article 4437e is unconstitutional if it is construed to exempt property which is not exclusively used for public purposes or construed to deem such property to be

used for public purposes; or alternatively, that the Tax Code, when enacted, effectively repealed section 16 of article 4437e to the extent that that particular statute is in conflict with the Tax Code. Appellees point to section 11.11 of the Tax Code wherein the Legislature provided that public property is exempt from taxation "if the property is used for public purposes."

The Tax Code was enacted several years after the enactment of the Hospital Authority Act. As stated, section 11.11 recognizes that property is exempt from taxation when used for public purposes. When enacting the Tax Code, the Legislature expressly declared that:

> All other general, local, and special laws in conflict with this Act are repealed to the extent of the conflict, and the failure expressly to repeal or amend any law in conflict with this Act is not evidence of a legislative intent that the law not be repealed.

Act of June 13, 1979, ch. 841, § 6(b), 1979 Tex.Gen.Laws 2217, 2330. We hold that the enactment of the Tax Code did effectively repeal section 16 of article 4437e insofar as the same conflicts with the Tax Code.

The question then is whether the leasing of appellant's office building to physicians for their own private use and control destroys its otherwise tax-exempt status. The traditional analysis in tax cases such as this was originally enunciated by our Texas Supreme Court in *Daugherty v. Thompson*, 71 Tex. 192, 9 S.W. 99 (1888), where the court announced that the legislature is without power to tax any property publicly owned and held only for public purposes and devoted exclusively to the use and benefit of the public. This analysis was recently reaffirmed in *Satterlee v. Gulf Coast Waste Disposal Authority*, 576 S.W.2d 773 (Tex.1978) (on rehearing). Therefore, the test is whether the property in question is held only for public purposes and is devoted exclusively to the use and benefit of the public. *Satterlee*, 576 S.W.2d at 779. It is undisputed that the appellant's property was not used exclusively for the use and benefit of the

public since private doctors were leasing part of the property for their own commercial enterprises. Accordingly, the subject property is not entitled to tax-exempt status as claimed by the appellant. Appellant's points of error are overruled.

The trial court's judgment is affirmed.