Office of the Attorney General · State of Texas



November 30, 2000

The Honorable Robert L. Busselman
Karnes County Attorney
101 North Panna Maria, Suite 10
Karnes City, Texas 78118

Opinion No. JC-0311

Re: Whether a building owned by the Karnes County Hospital District, but leased to physicians for their private medical practice is tax-exempt (RQ-0259-JC)

Dear Mr. Busselman:

Under article XI, section 9 and article VIII, section 2 of the Texas Constitution, property must be held only for public purposes and devoted exclusively to the use and benefit of the public to be tax-exempt. Private commercial use of publicly owned property destroys its tax-exempt status. On behalf of the Karnes County Hospital District (the "District"), you ask whether a building owned by the District, but leased to physicians for their private medical practice is exempt from ad valorem taxation. We conclude that it is not tax-exempt.

You inform us of the following circumstances giving rise to your request: The building, which is located near but not attached to the District's hospital, contains doctors' offices and is leased to three physicians. The physicians are not employed by the District's hospital. The lease agreement, however, restricts the equipment that the physicians may own in order to encourage them to send all patients requiring X-rays and laboratory work to the District's hospital. The X-ray and laboratory fees are a significant source of revenue to the District. The land on which the building is located is presently tax-exempt, but the building is subject to ad valorem taxation. The District believes that the building is tax-exempt "not only because the [District] owns it, but also because the use being made of the property increases the income to the hospital, which is a benefit to the residents of Karnes County." The Karnes County Appraisal District disagrees, contending that the building is not entitled to the tax exemption because it is leased to private physicians who operate the clinic for private gain.[1]

All real property is taxable unless exempt as required or permitted by the Texas Constitution. TEX. CONST. art. VIII, § 1(b). While the District's position is not completely clear, it appears to assert that the leased building is tax-exempt under article XI, section 9 and article VIII, section 2 of the Texas Constitution.

---

[1]Letter from Robert L. Busselman, Karnes County Attorney, to John Cornyn, Texas Attorney General (July 3, 2000) at 3-4 (on file with Opinion Committee) [hereinafter Request Letter].

Article XI, section 9 itself exempts from taxation qualifying property by providing that "[t]he property of counties, cities and towns, owned and held only for public purposes, . . . and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation . . . ." TEX. CONST. art. XI, § 9; *A&M Consol. Indep. Sch. Dist. v. City of Bryan*, 184 S.W.2d 914, 915 (Tex. 1945) (stating that article XI, § 9 is self-executing). Under this provision, property must be publicly owned and held only for public purposes and devoted exclusively to the use and benefit of the public. *Satterlee v. Gulf Coast Waste Disposal Auth.*, 576 S.W.2d 773, 779 (Tex. 1978); *Lower Colo. River Auth. v. Chemical Bank & Trust Co.*, 190 S.W.2d 48, 50 (Tex. 1945); *Daugherty v. Thompson*, 9 S.W. 99, 102 (Tex. 1888); *see also Hays County Appraisal Dist. v. Southwest Tex. State Univ.*, 973 S.W.2d 419, 422 (Tex. App.–Austin 1998, no pet.) (stating that article XI, § 9 requires public use of property be exclusive). Governmental receipt and use of proceeds arising from commercial usage of the property does not, under article XI, section 9, qualify the use of the property itself as public. *Hays County Appraisal Dist.*, 973 S.W.2d at 423 (citing *City of Beaumont v. Fertitta*, 415 S.W.2d 902, 908 (Tex. 1967)). Finally, while article XI, section 9 speaks specifically only of "property of counties, cities, and towns," in *Lower Colorado River Authority*, 190 S.W.2d 48, the Texas Supreme Court held that it extends to property of a governmental agency. *See id.* at 50. Later Texas Supreme Court opinions have questioned this holding, but the court has not expressly overruled it. *See Satterlee*, 576 S.W.2d at 779; *Leander Indep. Sch. Dist. v. Cedar Park Water Supply Corp.*, 479 S.W.2d 908, 911, 913 (Tex. 1972); *see also Hays County Appraisal Dist.*, 973 S.W.2d at 422. *But see State v. Houston Lighting & Power Co.*, 609 S.W.2d 263, 266 (Tex. Civ. App.–Corpus Christi 1980, writ ref'd n.r.e.) (stating framers of constitution contemplated that article XI, § 9 applies only to property owned by counties, cities, and towns); Tex. Att'y Gen. Op. No. DM-188 (1992) at 2 (stating that more recent court decisions have clarified that article XI, § 9 applies solely to enumerated entities).

Article VIII, section 2, on the other hand, authorizes the legislature to exempt qualifying property. It provides that the "the legislature may, by general laws, exempt from taxation public property used for public purposes." TEX. CONST. art. VIII, § 2(a). This provision authorizes the legislature to exempt only publicly owned property used for public purposes. *Leander Indep. Sch. Dist.*, 479 S.W.2d at 912. Accordingly, section 11.11 of the Tax Code provides in part that "[e]xcept as provided by Subsections (b) and (c)[2] of this section, property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes." TEX. TAX CODE ANN. § 11.11(a) (Vernon 2000) (footnote added).

Unlike article XI, section 9, article VIII, section 2(a) and Tax Code section 11.11 by their terms do not require *exclusive* public use. *See* TEX. CONST. art. VIII, § 2(a); TEX. TAX CODE ANN. § 11.11(a); TEX. CONST. art XI, § 9; *see also Hays County Appraisal Dist.*, 973 S.W.2d at 423 (stating that article XI, § 9 requires exclusive public use, but not article VIII, § 2). However, the relevant case law has not made that distinction, articulating a single standard derived from the language of article XI, section 9 and Texas Supreme Court decisions construing that provision: to

---

[2]Subsections (b) and (c) provide for limited taxation of land owned by the Permanent University Fund and counties. *See* TEX. TAX CODE ANN. § 11.11(b), (c) (Vernon 2000).

be tax-exempt, property must be held only for public purposes and be devoted exclusively to the use and benefit of the public. *See Grand Prairie Hosp. Auth. v. Dallas County Appraisal Dist.*, 730 S.W.2d 849, 851 (Tex. App.–Dallas 1987, writ ref'd n.r.e.); *Grand Prairie Hosp. Auth. v. Tarrant Appraisal Dist.*, 707 S.W.2d 281, 284 (Tex. App.–Fort Worth 1986, writ ref'd n.r.e.). Opinions of this office have also articulated a single standard. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-436 (1997) at 4; DM-188 (1992) at 3; DM-78 (1992) at 2; JM- 523 (1986) at 3; JM-464 (1986) at 3; JM-405 (1985) at 2; MW- 430 (1982) at 4-5.

In a 1987 decision, the Dallas Court of Appeals determined that a hospital authority-owned medical office building leased in part to hospital staff physicians and utilized for their private practices was not tax exempt under section 11.11(a) of the Tax Code. *See Dallas County Appraisal Dist.*, 730 S.W.2d 849, 851. In *Dallas County Appraisal District*, the appellant hospital authority contended that the building was tax-exempt under section 11.11 of the Tax Code because "the physician's use of the property was related to the [hospital authority's] use of the property for public purposes" and, therefore, exempt under former article 4437e, section 16, Texas Revised Civil Statutes Annotated (1976),[3] as a matter of law, because the hospital authority was the owner of the property. *Id.* at 850. The court disagreed, holding, first, that article 4437e, section 16 was repealed by the enactment of the Tax Code. *Id.* at 851. More importantly, the court stated that the test in these cases "is whether the property in question is held only for public purposes and is devoted exclusively to the use and benefit of the public[,]" citing *Satterlee*, notwithstanding that the Texas Supreme Court in *Satterlee* enunciated this standard under article XI, section 9. *Id.*; *see also Satterlee*, 576 S.W.2d at 779. The court concluded that the medical office building at issue "was not used exclusively for the use and benefit of the public since private doctors were leasing part of the property for their own commercial enterprises." *Dallas County Appraisal Dist.*, 730 S.W.2d at 851. Significantly, the fact that the physician's use of the property might serve the hospital authority's public purpose, as the hospital authority contended, appears to have been irrelevant under this analysis given that the court did not even address it. *See id.*

In an earlier 1986 decision, the Fort Worth Court of Appeals reached the same conclusion utilizing the exclusive public use standard. *See Tarrant Appraisal Dist.*, 707 S.W.2d at 284. The hospital authority asserted that its medical office building leased to private doctors was tax-exempt as a matter of law under former article 4437e, section 16. *Id.* at 282. But the court held that it was taxable because the building "was not used exclusively for the use and benefit of the public since the private doctors were leasing part of the property for their own commercial enterprise[,]" citing Attorney General Opinion MW-430. *Id.* at 284.

---

[3]Former article 4437e, § 16 stated that: "Recognizing the fact that the property owned by [Municipal Hospital] Authority will be held for public purposes only and will be devoted exclusively to the use and benefit of the public, it shall be exempt from taxation of every character." *See Dallas County Appraisal Dist.*, 730 S.W.2d at 850. The substance of section 16 is now codified at section 262.004 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 262.004 (Vernon 1992); *see also id.* historical note (prior law) [Act of May 17, 1957, 55th Leg., R.S., ch. 472, § 16, 1957 Tex. Gen. Laws 1379].

In Attorney General Opinion MW-430, this office concluded that an office building and parking lot to be constructed by a hospital authority and leased to doctors would not be tax-exempt even though the lease revenues generated would be placed in the hospital authority's general funds or be used for the office building. *See* Tex. Att'y Gen. Op. No. MW-430 (1982). The opinion considered the provisions of both article VIII, section 2 and article XI, section 9. *See id.* at 2. But, relying on the test enunciated by the Texas Supreme Court in *Satterlee*—that property must be devoted exclusively to the use and benefit of the public—this office concluded that "by the [lease] arrangement here contemplated, the property would lose its tax exempt status because it is not used exclusively for the benefit of the public." *Id.* at 5. *Compare id. with* Tex. Att'y Gen. Op. No. JM-405 (1985) (concluding that attorney general cannot resolve fact question as to whether hospital district-owned building leased to two nonprofit corporations, Panhandle Community Action and Panhandle Planned Parenthood, and Texas Department of Health was used for public purposes). *But see* Tex. Att'y Gen. Op. No. DM-188 (1992) at 8 (stating that "public property put to a private use will remain tax-exempt where the private use can either be characterized as a public purpose or in direct support of a public purpose of the political subdivision," citing Tex. Att'y Gen. Op. Nos. JM-1049 (1989), JM-464 (1986)).

Based on *Dallas County Appraisal District* and *Tarrant Appraisal District*, we believe the District's building is not tax-exempt. The District's building here is not held *only* for public purposes and devoted *exclusively* to the use and benefit of the public, given that it is used by the lessee physicians for their private medical practice. *See Dallas County Appraisal Dist.*, 730 S.W.2d at 851; *Tarrant Appraisal Dist.*, 707 S.W.2d at 284; *see also* Tex. Att'y Gen. Op. No. MW-430 (1982). The exclusive public use requirement is not met by the use of the revenues generated by the private commercial use to benefit the residents of Karnes County. *See Hays County Appraisal Dist.*, 973 S.W.2d at 423. Moreover, the argument that the leased building serves the hospital purposes of the District is unavailing. *See Dallas County Appraisal Dist.*, 730 S.W.2d at 851; *Tarrant Appraisal Dist.*, 707 S.W.2d at 284; *see also* Tex. Att'y Gen. Op. No. MW-430 (1982).

Because we conclude that the building is not tax-exempt, we do not address your second question: whether the leasehold interest is taxable if the building is tax-exempt.

## S U M M A R Y

A building owned by the Karnes County Hospital District, but leased to physicians for their private medical practice is not exempt from ad valorem taxation.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee