

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-18-00074-CV |
| IN THE MATTER OF | § | Appeal from the |
| TROY S. POE TRUST. | § | Probate Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC# 2016-CPR00308) |

## DISSENTING OPINION

For two reasons, I disagree with the majority and write separately. First, I disagree with its interpretation of the Judiciary Article of the Texas Constitution, such that it concludes the guarantee of a jury-trial right does not apply to this trust modification suit. *See* TEX. CONST. art. V, § 10. Second, I also disagree with the Court otherwise concluding the trial court did not abuse its discretion in the manner in which it modified the Trust's terms.

### THE JUDICIARY ARTICLE

By its terms, the Judiciary Article of the Texas Constitution states:

In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in a civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

TEX. CONST. art. V, § 10.

Richard does not argue here that this constitutional right encompasses every legal proceeding involving a contested factual question. Rather, he simply claims its jury-trial guarantee to "all causes," is a guarantee encompassing this suit. Responding, Bock opposes that view, claiming the term "cause" more specifically refers to a "cause of action," not including this suit. The issue before the Court, then, is not whether a jury-trial right is guaranteed in all suits, but whether the Judiciary Article's terms guarantees a jury-trial right in this trust modification suit. *See* TEX. CONST. art. V, § 10; TEX. PROP. CODE ANN. § 112.054.

"Our guiding principle when interpreting the Texas Constitution is to give effect to the intent of the voters who adopted it." *Degan v. Bd. of Trustees of Dallas Police & Fire Pension Sys.*, 594 S.W.3d 309, 313 (Tex. 2020) (citing *Cox v. Robison*, 150 S.W. 1149, 1151 (Tex. 1912)). We presume that language was carefully chosen, and we interpret the words accordingly. *Id*. (citing *Leander Indep. Sch. Dist. v. Cedar Park Water Supply Corp.*, 479 S.W.2d 908, 912 (Tex. 1972)). In regard to a constitutional proposition, we may consider contextual factors such as "the history of the legislation, the conditions and spirit of the times, the prevailing sentiments of the people, the evils intended to be remedied, and the good to be accomplished." *Id*. (quoting *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009)).

In the years when the 1875 Constitution was drafted, Texas law used "cause" broadly. In 1907, the Supreme Court of Texas noted it was defined by Bouvier's Law Dictionary as "[a] suit or action; any question civil or criminal contested before a court of justice." *Tolle v. Tolle*, 104 S.W. 1049, 1050 (Tex. 1907). In other words, "cause" was viewed comprehensively as encompassing contested questions before a court. As the Supreme Court later found, "[t]his broad meaning of the word, 'cause,' comports with the interpretation given by other courts and legal

2

writers in the period when our present Constitution was drafted." *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 292 (Tex. 1975).

More recently, and in this very case, the Supreme Court of Texas reiterated that courts have long derived authority to modify trusts under the common law doctrine of equitable deviation. *Matter of Troy S. Poe Tr.*, 646 S.W.3d 771, 776 (Tex. 2022). "Under this doctrine, a court had the power to 'order a deviation from the terms of the trust if it appeared to the court that compliance with the terms of the trust is impossible, illegal, impractical or inexpedient, or that owing to circumstances not known to the settlor and not anticipated by him, compliance would defeat or substantially impair the accomplishment of the purpose of the trust.'" *Id.* (quoting *Amalgamated Transit Union, Loc. Div. 1338 v. Dallas Pub. Transit Bd.*, 430 S.W.2d 107, 117 (Tex. App.—Dallas 1968, writ ref'd n.r.e.)). This equitable action was later codified by the Texas Legislature by its enactment of § 112.054(a) of the Property Code. *Id.*

Moreover, as this Court held in our prior decision in this case, the record here establishes that statutory prerequisites include disputed questions of fact. *Matter of Troy S. Poe Tr.*, 591 S.W.3d 168, 171, 178, 181–82 (Tex. App.—El Paso 2019), *rev'd on other grounds*, 646 S.W.3d 771 (Tex. 2022). Specifically, this Court concluded that "the predicate questions of whether the trust needed to be modified was a fact question that should have been decided by a jury[.]" *Id.* at 171. We observed in our earlier decision that, "as a general rule, 'when contested fact issues must be resolved before equitable relief can be determined, a party is entitled to have that resolution made by a jury.'" *Id.* at 178 (quoting *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 741 (Tex. 2018)). Because this suit is based on a long recognized equitable cause of action, I would hold it falls squarely within the meaning of "all causes" as included in the Judiciary Article's terms.

3

Yet, the majority holds otherwise. Comparing versions of the Texas Constitution from 1845 through 1876, the majority initially recognizes that jury trial rights were broadened over time. That is, the Court notes that the 1845 Constitution guaranteed a jury-trial right in "all causes in equity in the District Court," *see* TEX. CONST. OF 1845 art. IV, § 16, while the 1869 Constitution provided for such right "in all cases of law or equity." *See* TEX. CONST. OF 1869 art. V, § 16. Yet, despite this broadening trend, the majority reverses course and more narrowly interprets the Constitution of 1876 based on the phrase, "all causes in the District Courts," claiming it narrowed the jury-trial guarantee. *See* TEX. CONST. OF 1876 art. V, § 10.

The majority views a material distinction between the term "cases," as included in the Constitution of 1869, and the term "causes," as currently included. Specifically, the majority describes the term "causes," as "narrower language." On that point, I disagree. Controlling authorities of the era inform that "all cases of law or equity," as included in the 1869 version, essentially means the same thing as "all causes," which was adopted in 1876. *See Ex parte Milligan*, 71 U.S. 2, 112 (1866) (holding that "cases" and "causes" are "convertible terms"). Given the historical use of these terms, I see no indication that the voters of that era drew back from the otherwise expanding guarantee of a right to a jury trial.

Additionally, the majority places heavy importance on the use of the terms, "plaintiff" and "defendant," as appearing in the Judiciary Article. Based in part on these terms, the majority concludes that the term "cause" can only be interpreted as meaning an "ordinary cause of action." Again, I disagree. Instead, I would follow the truism holding that the meaning of words generally "turns upon use, adaptation and context as they are employed to fit various and varying situations." *State of Cal. Dep't of Mental Hygiene v. Bank of Sw. Nat'l Ass'n*, 354 S.W.2d 576, 579 (Tex. 1962). First, these same terms, "plaintiff" and "defendant," appear in the Constitution

4

of 1845, where the jury-trial guarantee was otherwise provided in "all causes in equity." *See* TEX. CONST. OF 1845 art. IV, § 16. Second, the terms "plaintiff" and "defendant" are not used as terms of limitation but rather to describe that a jury trial is guaranteed to all participants when "application [is] made in open court." *See* TEX. CONST. OF 1876 art. V, § 10. Third and lastly, I see no indication here of any special circumstance that would cause a jury trial to be prohibitive. On that score, Justice Busby's concurring opinion in *Poe*, which is joined by Justice Devine and Justice Young, largely provides the analytical framework for making that determination. *Matter of Troy S. Poe Tr.*, 646 S.W.3d at 781 (Busby, J. concurring). Because this modification suit is a statutory substitute for a cause in equity, I would classify it as falling into the second category of Justice Busby's framework. To that extent, the jury-trial right would extend in part to the disputed issues of fact of this suit while questions of equitable discretion should be decided by the court. *See id*. Unlike the majority, I would hold that a trust modification proceeding qualifies as "a cause" within the meaning of the Judiciary Article's guarantee.

## THE TRUST MODIFICATION

On the merits of the modification dispute, I also disagree with the majority's resolution. In my view, the trial court abused its discretion in the manner in which it modified the Trust's terms. Although § 112.054 of the Property Code empowers a trial court to order a modification, the court must still conform as nearly as possible to the probable intention of the settlor when doing so. *See* TEX. PROP. CODE ANN. § 112.054(b). Here, as settlor of the Trust, Dick plainly stated he wanted trustees to make decisions "jointly," not by majority vote. Moreover, Dick further stated that any trustee has the right to serve without appointment of a successor if, for any reason, any of the trustees either fails or ceases to act as a trustee. If the last trustee fails or ceases to act, he stated he wanted a corporate successor trustee appointed as sole Trustee. Because the trial court contravened

5

Dick's intent as was expressed in these terms, I would conclude it abused its discretion. Given the majority concludes otherwise, I disagree to that extent.

      For all the reasons stated, I respectfully dissent.


                         GINA M. PALAFOX, Justice

July 28, 2023

Before Rodriguez, C.J., Palafox, J. Soto, J.