**TEXAS DEPARTMENT OF CORRECTIONS, Appellant,**

v.

**ANDERSON COUNTY APPRAISAL DISTRICT, Appellee.**

No. 12–89–00151–CV.

Court of Appeals of Texas, Tyler.

July 21, 1992.

Rehearing Denied Aug. 19, 1992.

Bill Kimbrough, Atty. Gen.'s Office, Taxation Div., Austin, for appellant.

Daniel F. Dean, Palestine, for appellee.

COLLEY, Justice.

This is a case to determine the status of certain property for taxation. We hold that the property belongs to the state, we reverse the judgment of the trial court, and render judgment that the property is exempt from taxation.

A recitation of facts is necessary to explain why this case has come to this point.

To meet the demands incurred by the state from federal law suits attacking the adequacy of our prison system, the Texas Department of Corrections[1] (hereinafter "TDC") decided to build what became the issue of this suit: the Mark W. Michael Unit of the Coffield Prison Farm (hereinafter "the Michael Unit"). The legislature originally approved the sale of land elsewhere and appropriated the expected proceeds to this project. The land was not sold because of depressed land values, but the need for the Michael Unit remained. TDC developed a scheme to get the money at low interest costs without going through bond issue procedures which would also satisfy the Internal Revenue Service's requirements for a tax exempt investment. TDC created a "financing device" that "made it seem" that a private organization owned the property "to avoid the appearance of creating debt" in violation of Article 3, § 9 of the TEXAS CONSTITUTION.[2] Before the plan was put into effect, TDC and the State Purchasing and General Services Commission (hereinafter "PGSC") sought the Attorney General's opinion. The Attor-

---

**1.** This suit was originally brought prior to the change of name for the Texas Department of Corrections. In this opinion, we will continue to refer to the Department as "TDC" although its proper name is now the Institutional Division of the Texas Department of Criminal Justice.

**2.** The state freely admits this was the purpose of their scheme.

ney General concluded that the plan would not create unconstitutional "debt" since it would not "require" appropriations but be "contingent" on them. Thereafter, on June 1, 1986, TDC signed a construction contract for the Michael Unit project. On the same day, TDC and PGSC agreed with a non-profit organization, Coffield Prison Farm Project Corporation (hereinafter "the Corporation"), to lease the state's land and assign the contract to the Corporation. TDC signed an agreement to lease back the Michael Unit project when it was completed.[3] The Corporation then assigned all of its leases, agreements, and the construction contract to MBank Dallas as Trustee. MBank issued certificates of participation, raised the funds and paid for the construction of the Michael Unit project. TDC inmates were placed in the Michael Unit on August 6, 1987.

On January 1, 1987, the Anderson County Appraisal District (hereinafter "ACAD") placed the Michael Unit, but not the land, on its tax rolls with a value of over $19,000,000.00. On June 19, 1987, the legislature passed a bill, to be effective September 1, 1987, which was an attempt to (1) legitimize the financing and construction of the Michael Unit, and (2) exempt the property from taxes under the authority of Article 8, § 2 of the TEXAS CONSTITUTION.[4]

ACAD argues that the scheme to finance the Michael Unit is either unconstitutional under Article 3, § 52, TEX. CONST., or the property is privately owned. Further, they insist that they assume the officers of the state acted constitutionally, so the property must be held privately; since it is privately held, Article 6184t[5] could not operate to exempt it and therefore it is taxable.

■ The trial court found that the Trustee had "legal and/or taxable title" to the improvements. While it is true that the Trustee has legal title, the burden of taxation is placed on the equitable title which is

held by the state. *Texas Turnpike Co. v. Dallas County*, 153 Tex. 474, 271 S.W.2d 400, 402 (1954). It is undisputed that the state, which is in possession of the property, will acquire full legal title to the Michael Unit when all the payments are made. If this condition of "lease" payments is met, the state can compel delivery of the legal title. *Id.* Therefore, the improvements, in equity, are owned by the state "no different[ly] from that of any private owner who holds property against which there is an outstanding lien." *San Antonio ISD v. Water Works Board of Trustees*, 120 S.W.2d 861, 865 (Tex.Civ. App.—Beaumont 1938, no writ); also compare *Bullock v. Citizens Nat'l Bank of Waco*, 663 S.W.2d 923 (Tex.App.—Austin 1984, no writ). We sustain Appellant's points of error one and two that the state has the taxable title to the Michael Unit.

■ All of the parties agree that a prison is "property used for public purposes." We have concluded that the Michael Unit is owned by Texas and is therefore public property. The Texas Constitution authorizes the legislature to exempt public property from taxation if it is used for public purposes. TEX. CONST. art. 8, § 2. The legislature has done this generally by the Tax Code, TEX.TAX CODE ANN. § 11.11(a) (Vernon 1982), and specifically as to the Michael Unit by various acts of the 70th and 71st Legislatures. We will sustain Appellant's points of error five, eight, twelve, and thirteen and declare that the Michael Unit is public property used for a public purpose which the legislature has made exempt from taxation.

We decline to address Appellee's arguments that the contracts creating the financing arrangements for building the Michael Unit are unconstitutional, because if that be so, the state still owns the public improvements. Thus, the arguments are totally irrelevant.

3. All these documents recite that the State of Texas will pay all ad valorem taxes that may be levied or assessed.

4. Act effective Sept. 1, 1987, 70th Leg., ch. 1049, § 21 (TEX.REV.CIV.STAT.ANN. art. 6184t).

5. Repealed by Act 1989, 71st Leg., ch. 212, § 3.03, eff. Sept. 1, 1989 and replaced by Act 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989 (TEX.GOV'T CODE ANN. § 495.005) and Act 1989, 71st Leg., ch. 796, Eff. Jan. 1, 1990 (TEX.TAX CODE ANN. § 11.11(g)).

**132**

The judgment is reversed, and judgment herein rendered in favor of the Plaintiff below, Texas Department of Corrections, and against the Defendant, Anderson County Appraisal District, that the buildings and equipment located on a certain 123.478 acre tract of land, situated on the Manuel Rionda Survey in Anderson County, Texas, A–58, which are known as and designated as the Mark W. Michael Unit of the Coffield Prison Farm, are totally exempt from taxation by any taxing unit in Anderson County, Texas. All costs in the court below and in this Court are assessed against the Appellee, Anderson County Appraisal District.