**SWEETWATER INDEPENDENT SCHOOL DISTRICT et al, Appellants,**

v.

**ReCOR, INC. et al, Appellees.**

No. 11–97–110–CV.

Court of Appeals of Texas, · Eastland.

Nov. 20, 1997.

Rehearing Overruled Dec. 11, 1997.

C. David Fielder, Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Arlington, for Appellants.

Barney L. Knight, Austin, Thomas W. Deaton, Media Solutions Inc., Lufkin, Charles E. Jones, Charles E. Jones, Jr. & Associates, Sweetwater, Michael J. Currie, Asst. Atty. Gen., Austin, for Appellees.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

DICKENSON, Justice.

The single issue before us in this appeal is whether the "property of counties" which is devoted exclusively "to the use and benefit of the public" is exempt from taxation under the State Constitution when the tax exemption is not timely urged during appraisal proceedings pursuant to the property tax code. We hold that the exemption was not lost when the counties did not participate in the appraisal proceedings. The trial court's summary judgment that the counties' property is "exempt from taxation" is affirmed.

### Background Facts

Appellants are the tax authorities who were named in Plaintiffs' Fourth Amended Petition: Sweetwater Independent School District, City of Sweetwater, Nolan County,[1] and Nolan County Hospital District. Appellees were defendants in the trial court who were named "in rem only," including: ReCor, Inc.; ChiCorp Financial Services, Inc.; Jim Mills & Associates, Inc.; Media Solutions, Inc.; New Century Education Corporation; and the State of Texas. This tax suit concerns the 7.047–acre tract of land (plus improvements and furnishings) which is "equitably owned" by the Juvenile Board for Fisher, Mitchell, and Nolan Counties. Appellants sought judgment for taxes, penalties, and interest allegedly owed for tax years 1993, 1994, and 1995 in the total amount of $136,218.65 as of September 1996. Appellants' pleadings also sought foreclosure of their tax liens and an order of sale.

### The Issue on Appeal

Appellants' attorney agreed during oral argument that there is "no factual dispute" and that the legal issue is whether the tax exemption was lost when it was not urged during the appraisal process. Appellants' attorney argued that the "single issue" presented by this case is whether TEX. PROP. TAX CODE ANN. § 42.09 (Vernon 1992)

---

1. ·Fisher County, Mitchell County, and Nolan County constitute the 32nd Judicial District Juvenile Board; they are the equitable owners of the property involved in this lawsuit.

prevents appellees from claiming the constitutional tax exemption.[2]

### This Court's Ruling

We hold that the tax exemption which belongs to the three counties was not lost when the counties did not challenge the appraisal of the juvenile detention facility for ad valorem tax purposes.

TEX. CONST. art. XI, § 9 provides that the "property of counties" which is held for public purposes and all other property devoted exclusively to the use and benefit of the public "shall be exempt from forced sale and from taxation." TEX. PROP. TAX CODE ANN. § 11.11 (Vernon 1992) also provides that property owned by a political subdivision of this State is exempt from taxation if the property is used for a public purpose, and TEX. PROP. TAX CODE ANN. § 11.42(b) (Vernon Supp. 1998) declares that an exemption authorized by Section 11.11 is "effective immediately on qualification for the exemption."

See and compare *Texas Department of Corrections v. Anderson County Appraisal District*, 834 S.W.2d 130, 131 (Tex.App.— Tyler 1992, writ den'd), where the court held that a prison unit which was being financed by the Texas Department of Corrections under a lease-purchase agreement was exempt from taxation. The State, just like the counties in our case, had possession of the property and would acquire full legal title when all of the lease-purchase payments were made; also, as in the case before us, the financing arrangements placed the burden of ad valorem taxation on the equitable title. In *Texas Department of Corrections v. Anderson County Appraisal District, supra* at 131, the court held that "the state has the taxable title" to the prison unit. In like manner, we hold that the counties in this case have the taxable title to the juvenile detention unit. The summary judgment proof is clear that the three counties were financing the juvenile detention unit under a lease-purchase agreement which makes them liable for any ad valorem taxes.

While Section 42.09 of the Property Tax Code is the "exclusive" procedure for property owners to appeal their grounds of protest under appraisal procedures pursuant to the code, this statutory provision does not bar the exemption which political subdivisions are given by Article XI, § 9.

The judgment of the trial court is affirmed.

---

2. Section 42.09 provides that the procedures authorized by the property tax code "for adjudication of the grounds of protest" are exclusive and that a "property owner" may not raise any of those grounds "in defense to a suit to enforce collection of delinquent taxes" unless the grounds had been raised timely during the appraisal process.