

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 21, 2006

The Honorable Robert E. Talton
Chair, Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0485

Re: Tax status of property owned by limited partnerships created by political subdivisions (RQ-0489-GA)

Dear Representative Talton:

You inquire about the tax exempt status of property that is the subject of a public-private partnership.[1] Specifically, you ask whether "property used for public purposes, but not otherwise exempt, and owned by a limited partnership [composed] of a political subdivision 100% general partner and private for-profit or non-profit entities in the role of limited partners [is] exempt" from ad valorem taxes. *See* Request Letter, *supra* note 1, at 1.

You note that the Texas Tax Code exempts from taxation property owned by the state or political subdivisions and used for public purposes. *See id.* You inform us that when property is "owned by limited partnerships created by political subdivisions to engage in activities that further public purposes," Texas statutes are not helpful. *Id.* But while you inform us that "public-private partnerships by cities and other political subdivisions have become more prolific," you do not provide any context for your question or inquire about a particular type of public-private partnership.[2] *Id.* Thus, we can answer your question only in general terms.

As an initial matter, the question of whether any specific property is exempt from taxation depends on the facts of a particular situation. *See Tex. Tpk. Co. v. Dallas County*, 271 S.W.2d 400, 402 (Tex. 1954). Moreover, the chief appraiser of the appraisal district in which the property is

---

[1]*See* Letter from Honorable Robert E. Talton, Chair, Committee on Urban Affairs, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (May 15, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Briefs submitted to this office discuss public-private partnerships that involve affordable housing projects. *See generally* Brief from Cynthia L. Bast, Locke Liddell & Sapp L.L.P., to Honorable Greg Abbott, Attorney General of Texas (June 26, 2006); Brief from William D. Walter, Jr., Coats Rose Yale Ryman & Lee, P.C., to Honorable Greg Abbott, Attorney General of Texas (June 26, 2006); Brief from James P. Plummer, Fulbright & Jaworski, L.L.P., to Honorable Greg Abbott, Attorney General of Texas (June 26, 2006); Brief from Elizabeth P. Rippy, Glen A. Rosenbaum, and Victoria N. Ozimek, Vinson & Elkins L.L.P., to Honorable Greg Abbott, Attorney General of Texas (June 26, 2006) (all briefs on file with the Opinion Committee).

located is the authority to initially determine whether property is tax exempt. *See* TEX. TAX CODE ANN. § 11.45(a) (Vernon 2002) ("The chief appraiser shall determine . . . each applicant's right to an exemption."); *see also St. Joseph Orthodox Christian Church v. Spring Branch Indep. Sch. Dist.*, 110 S.W.3d 477, 479 n.6 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (chief appraiser initially determines right to a tax exemption). Accordingly, we cannot determine as a matter of law whether any particular partnership property is exempt from taxation. We can, however, discuss the legal issues raised by your request.

The Texas Constitution, in article VIII, section 1, mandates that all real and tangible personal property, unless exempt as required or permitted by the constitution, be taxed in proportion to its value. *See* TEX. CONST. art. VIII, § 1(b). Article VIII, section 2(a) authorizes the legislature to "by general laws, exempt from taxation public property used for public purposes." *Id.* § 2(a). Additionally, article XI, section 9 exempts from taxation "property of counties, cities and towns, owned and held only for public purposes."[3] *Id.* art. XI, § 9. Under these constitutional provisions, the legislature enacted section 11.11(a) of the Tax Code, which exempts from taxation "property owned by this state or a political subdivision of this state . . . if the property is used for public purposes." TEX. TAX CODE ANN. § 11.11(a) (Vernon Supp. 2006). Tax exemptions under the Texas Constitution and section 11.11(a), Tax Code, are recognized only when the property is both publicly owned and used for public purposes. *See Leander Indep. Sch. Dist. v. Cedar Park Water Supply Corp.*, 479 S.W.2d 908, 910–12 (Tex. 1972).

You tell us the property is used for public purposes. *See* Request Letter, *supra* note 1, at 1. Under these circumstances, the determinative query then is whether the property is publicly owned. You tell us that the property is owned not by a public entity but by "limited partnerships created by political subdivisions to engage in activities that further public purposes." *Id.* Under the partnership statutes, the property of a limited partnership belongs to the limited partnership, not to the partners that compose the limited partnership. *See* TEX. REV. CIV. STAT. ANN. art. 6132a-1, § 7.01 (Vernon Supp. 2006) (providing that partners in a limited partnership have "no interest in specific limited partnership property"); TEX. BUS. ORG. CODE ANN. § 154.001(c) (Vernon 2006) (providing that a "partner is not a co-owner of partnership property"); *see also* TEX. BUS. ORG. CODE ANN. § 402.001(a)(1) (providing that Business Organization Code is applicable to domestic entities formed after January 1, 2006); *see also Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.) (citing *Childress County v. State*, 92 S.W.2d 1011, 1015 (Tex. 1936)) (recognizing general rule that "the person who has legal title is the 'owner' for taxation purposes"). And as a partner of a limited partnership, a public entity has only a personal property interest in the limited partnership and does not have any ownership interest in the property of the limited partnership. *See* TEX. REV. CIV. STAT. ANN. art. 6132a-1, § 7.01 (Vernon Supp. 2006). There are, however, circumstances where a public entity does not hold legal title to property but courts nonetheless find that the public entity owns property through equitable title. *See Travis Cent. Appraisal Dist.*, 140 S.W.3d at 840 (person that does not hold legal title "may still be

---

[3]The language of article XI, section 9 applies expressly only to "counties, cities and towns." TEX. CONST. art. XI, § 9. The Texas Supreme Court, however, has held that this exemption extends to property owned by any governmental entity. *See Lower Colo. River Auth. v. Chem. Bank & Trust Co.*, 190 S.W.2d 48, 50–51 (Tex. 1945).

considered the taxable owner of property '[i]f he is the record owner, or is vested with the apparent legal title, or is in possession thereof, coupled with such claims and evidences of ownership as will justify the assumption that he is the owner'") (quoting *Childress County*, 92 S.W.2d at 1015); *see also Harris County Appraisal Dist. v. Se. Tex. Housing Fin. Corp.*, 991 S.W.2d 18, 20–21, 23 (Tex. App.—Amarillo 1998, no pet.); *Hays County Appraisal Dist. v. Sw. Tex. State Univ.*, 973 S.W.2d 419, 422 (Tex. App.—Austin 1998, no pet.); *Tex. Dep't of Corrs. v. Anderson County Appraisal Dist.*, 834 S.W.2d 130, 131 (Tex. App.—Tyler 1992, writ denied).

Property used for public purposes and equitably owned by a public entity is tax exempt under the constitution and section 11.11(a) of the Tax Code. *See Harris County Appraisal Dist.*, 991 S.W.2d at 23 ("Where a tax exempt entity holds equitable title to property, the property is tax exempt."); *Tex. Dep't of Corrs.*, 834 S.W.2d at 131 (declaring property in question public property under equitable title and exempt from taxation). Equitable title is the "present right to compel legal title." *Travis Cent. Appraisal Dist.*, 140 S.W.3d at 840. Equitable title does not follow a mere expectation or a purely contingent interest. *See Tex. Tpk. Co.*, 271 S.W.2d at 402. Rather, it is a "right in the party to whom it belongs to have the legal title transferred to him." *Tanner v. Imle*, 253 S.W. 665, 668 (Tex. Civ. App.—San Antonio 1923, writ dism'd). The issue of equitable title often arises where a public entity and a private entity are involved in a complex financial transaction designed to achieve a public purpose. In considering questions involving equitable title, courts look beyond the legal title and examine the facts of a given situation.

Recent cases provide some insight into the facts that are important in resolving equitable title issues. In one case, a court of appeals determined that a lease arrangement in which, through lease payments to a private entity, a public entity essentially paid the mortgage on property over which the public entity also had control did not operate to bestow equitable ownership on the public entity. *See Hays County Appraisal Dist.*, 973 S.W.2d at 420, 422. Though the parties to the lease intended the property to revert to the public entity upon the full payment of the mortgage, the lease terms did not require the transfer and thus did not create a legal obligation on the private entity to transfer title to the public entity. *See id.* at 422. Similarly, the court determined that a resolution adopted by the trustees of the private entity that indicated an intent to transfer ownership to the public entity was not a legally enforceable obligation on the private entity. *See id.*

By contrast, in a case concerning a financing arrangement between a private entity and a public entity that involved a ground lease and construction agreement, another court of appeals found equitable ownership in the public entity. *See Tex. Dep't of Corrs.*, 834 S.W.2d at 131. The public entity leased land to a private corporation. *See id.* The public entity assigned a contract for the construction of improvements on the land to the private corporation. *See id.* The public entity and private corporation executed a lease-purchase agreement by which the public entity would possess and rent or purchase the improvements. *See id.* All three documents were then assigned to a third-party trustee. *See id.* The court observed that though the trustee had legal title, the public entity held equitable title because the public entity possessed the property and could compel legal title from the trustee upon payment of all "lease" payments by virtue of the legal obligations in the documents. *See id.*

Yet another court of appeals found equitable title in a similar financing arrangement. *See Harris County Appraisal Dist.*, 991 S.W.2d at 23. To finance low-income housing projects, a public entity would purchase land and then transfer title to the land to a private subsidiary corporation created solely to manage the property. *See id.* at 20. The subsidiary corporation issued a note and deed of trust to the public entity which in turn assigned the note and deed to a third-party trustee as security for financing. *See id.* The subsidiary collected rents from the tenants to service the debt. *See id.* The subsidiary corporation's charter expressly provided that the property would revert to the public entity on full payment of the debt. *See id.* In addition, the charter provided the property would vest in the public entity in the event of the subsidiary corporation's dissolution—the dissolution being entirely in the public entity's control. *See id.* The court determined the public entity held equitable title because the public entity controlled the subsidiary corporation, including its dissolution, so that legal title would revert to the public entity under conditions that the public entity had the sole power to fulfill. *See id.* at 23.

These cases demonstrate that when a public entity, through fulfillment of conditions entirely within its control, can compel the transfer of legal title to itself, courts usually find the public entity has equitable title. By contrast, when no legal obligation to transfer title follows the fulfillment of conditions or when the conditions under which title will be transferred to the public entity are under the private entity's control, courts usually do not find equitable title in the public entity. These cases also indicate that the involvement of a trustee and the fact that the public entity possesses the property are important factors in the determination of equitable ownership. We cannot however predict the weight a court would assign to the specific facts involved in any particular public-private partnership. Neither can we predict the significance a court would assign to other facts particular to any given public-private partnership.

In sum, we can advise you only that property legally owned by a limited partnership might be equitably owned by the public entity that is the general partner. But, as we have already indicated, the question of whether specific property is exempt from taxation is to be answered initially by the chief tax appraiser and involves the resolution of facts. Thus, it is outside the purview of the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process).

## S U M M A R Y

To qualify for a tax exemption under the Texas Constitution and section 11.11(a), Tax Code, property must be both publicly owned and used for public purposes. Property legally owned by a public-private limited partnership might nevertheless be equitably owned by the public entity, and thus tax exempt, when the public entity has the legal right to compel the transfer of title to itself. Whether property is equitably owned by a public entity depends on the facts of a particular situation and cannot be determined in an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee