

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

February 16, 2016

The Honorable Rodney W. Anderson
Brazos County Attorney
300 East 26th Street, Suite 1300
Bryan, Texas 77803-5359

Opinion No. KP-0066

Re: Ad valorem taxation of real property owned by the Texas A&M University System (RQ-0049-KP)

Dear Mr. Anderson:

You ask about ad valorem taxation of real property owned by the Texas A&M University System (the "System").[1] Your questions concern two collegiate housing projects. The first is a student housing project built on land owned by the System. Request Letter at 1. You inform us that the System has entered into a ground lease agreement with CHF-Collegiate Housing College Station I, L.L.C. ("Lessee"). *Id.* at 1–2. You state that, pertinent to your question, the agreement requires the Lessee to construct and operate a student housing facility to be managed by Texas A&M University ("Texas A&M"); vests title to improvements on the property in the Lessee for the life of the lease; provides for all improvements to become the property of the System upon expiration or termination of the lease; and provides the System an option to purchase the Lessee's right, title, and interest during the term of the lease. *Id.* at 2–3.

As you note, section 11.11 of the Tax Code generally requires that property be publicly-owned and used for public purposes to be exempt from ad valorem taxes. *Id.* at 3; TEX. TAX CODE § 11.11; *see generally Tex. Dep't of Corr. v. Anderson Cty. Appraisal Dist.*, 834 S.W.2d 130, 131 (Tex. App.—Tyler 1992, writ denied) (recognizing that the Legislature has authorized the exemption of public property used for public purposes in section 11.11 of the Tax Code). Because the project will provide housing only for students, faculty, and others "whose presence is desirable or necessary in relation to events of Texas A&M," you do not question that the property will be used for a public purpose. Request Letter at 3. But because the Lessee will own the improvements during the term of the lease, you ask about the concept of equitable title and under what circumstances equitable title constitutes public ownership for tax-exemption purposes. *Id.* at 4. You also ask whether, under the ground lease agreement, the System holds equitable title to the property and improvement. *Id.* As a preliminary matter, it is beyond the purview of an attorney general opinion to construe particular agreements or determine whether particular property is tax exempt. *See* Tex. Att'y Gen. Op. Nos. GA-0485 (2006) at 2 (declining to determine whether specific property is tax exempt); GA-0725 (2009) at 1 (declining to express an opinion about a specific contract). Accordingly, while we can provide general legal advice applicable to your

---

[1]Letter from Honorable Rodney W. Anderson, Brazos Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 5–6 (Aug. 26, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

questions, we cannot provide a definitive answer as to whether the property in question is exempt from ad valorem taxation.

Even when a public entity does not possess legal title to property, if it holds equitable title and the property is used for public purposes, the property is exempt from taxation. *See Harris Cty. Appraisal Dist. v. Se. Tex. Hous. Fin. Corp.*, 991 S.W.2d 18, 23 (Tex. App.—Amarillo 1998, no pet.). "[E]quitable title is defined as the present right to compel legal title." *Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.); *see also AHF–Arbors at Huntsville I, LLC v. Walker Cty. Appraisal Dist.*, 410 S.W.3d 831, 837 (Tex. 2012). An entity that possesses a right to compel legal title generally holds equitable title. *See TRQ Captain's Landing L.P. v. Galveston Cent. Appraisal Dist.*, 212 S.W.3d 726, 737 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 423 S.W.3d 374 (Tex. 2014); *Harris Cty. Appraisal Dist*, 991 S.W.2d at 23. Whether a public entity has a present right to compel legal title and therefore holds equitable title for ad valorem tax purposes will depend on the particular facts. *Compare Harris Cty. Appraisal Dist.*, 991 S.W.2d at 23 (determining that a housing finance corporation held equitable title to property in a lease-purchase agreement) *and Anderson Cty. Appraisal Dist.*, 834 S.W.2d at 131 (determining that public entity held equitable title to property in lease-purchase agreement), *with Hays Cty. Appraisal Dist. v. Sw. Tex. State Univ.*, 973 S.W.2d 419, 422 (Tex. App.—Austin 1998, no pet.) (determining that university did not hold equitable title to property because it did not have the right to compel transfer of legal title).

You also ask about a different collegiate housing project concerning real property owned by the System and leased for a 40-year term to a different lessee for the purpose of developing, constructing, and operating student housing facilities. Request Letter at 4–6. You are particularly concerned that the lease agreement allows leasing of residential housing not only to students and faculty of Texas A&M, but also to students and faculty of Blinn College. *Id.* at 5. Moreover, you assert that the agreement "appears to permit [leases of residential housing] to persons who are not faculty, staff or students of Texas A&M or Blinn College." *Id.*[2] You ask whether, for an exemption under section 11.11 to apply, the use of the property must be limited to faculty, staff, and students of Texas A&M. *Id.* at 5–6. Although you ask specifically about subsection 11.11(d) of the Tax Code, a statutory provision is not construed in isolation, but in the context of the statute as a whole. Thus, your question requires consideration of section 11.11 as a whole, in particular subsection (a), which states a general rule about the tax status of eligible public property; subsection (d), which specifies state property that is taxable; and subsection (e), which specifies certain property that is exempt.

Subsection (a) states that, with exceptions not pertinent here, "property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes." TEX. TAX CODE § 11.11(a). Subsection 11.11(d) provides that "[p]roperty owned by

---

[2]A brief from the System asserts that the lease allows leasing of residential housing to persons who are not student, faculty, or staff of Texas A&M University or Blinn College only in the unlikely event that the System "ceases operation of an institution for higher education" on the Texas A&M campus. *See* Brief from Mr. Ray Bonilla, Gen. Counsel, Tex. A&M Univ. Sys. at 9 (Oct. 2, 2015) (on file with the Op. Comm.).

the state that is not used for public purposes is taxable." *Id.* § 11.11(d). The subsection further explains that such property

> is not used for public purposes if the property is rented or leased for compensation to a private business enterprise to be used by it for a purpose not related to the performance of the duties and functions of the state agency or institution or used to provide private residential housing for compensation to members of the public *other than students and employees of the state agency or institution owning the property*, unless the residential use is secondary to its use by an educational institution primarily for instructional purposes.

*Id.* (emphasis added). The italicized language suggests that property leased as residential housing to persons other than the students and employees of the owner of the property is taxable, even if those persons are students and employees of another state agency or institution.

Subsection (e) provides a tax exemption for certain property "held or dedicated for the support, maintenance, or benefit of an institution of higher education." *Id.* § 11.11(e). Subsection (e) states that property that

> is not rented or leased for compensation to a private business enterprise to be used by it for a purpose not related to the performance of the duties and functions of the state or institution or is not rented or leased to provide private residential housing *to members of the public other than students and employees of the state or institution* is not taxable. If a portion of property of an institution of higher education is used for public purposes and a portion is not used for those purposes, the portion of the property used for public purposes is exempt under this subsection.

*Id.* While the language in subsections (d) and (e) is similar, the exemption in subsection (e) is not limited to property owned by the state or institution. Rather, the exemption is for property "held or dedicated for . . . an institution of higher education." *Id.* Texas A&M and Blinn College are both institutions of higher education. *See* TEX. EDUC. CODE § 61.003(3), (4), (8); *id.* § 130.168. On particular facts, the property in question could be determined to be "held or dedicated for the support, maintenance, or benefit of" Texas A&M, Blinn College, or both. *See* TEX. TAX. CODE § 11.11(e).

No judicial opinion of which we are aware has construed the quoted language from subsections (d) and (e) or addressed how to determine which subsection will apply in particular circumstances. Because subsection (d) concerns a "state agency or institution" while subsection (e) specifically concerns an "institution of higher education," a court could conclude that subsection (e) applies as the more specific statute. *See Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 297 (Tex. 2011) (stating the rule that "a specific statutory provision prevails as an exception over a conflicting general provision"). Thus, a court is likely to determine that under

subsection 11.11(e), property held or dedicated for the support, maintenance, or benefit of an institution or institutions of higher education leased to students or employees of such institution or institutions is exempt from ad valorem taxation.

Your final question is whether an "otherwise eligible exemption [would] be lost" if a "part of the property is subleased to a person other than faculty, staff or students of Texas A&M or Blinn College." Request Letter at 6. A tax exemption may be lost when circumstances change so that the property no longer qualifies for the exemption. *See* TEX. TAX CODE § 25.16 ("Property Losing Exemption During Tax Year"); Tex. Att'y Gen. Op. No. JC-0236 (2000) at 1–2. Thus, in particular circumstances, property that is held or dedicated for the support, maintenance, or benefit of an institution or institutions of higher education that is leased to provide private residential housing to members of the public other than students and employees of such institution or institutions may lose its tax exemption, in whole or in part. *See* TEX. TAX CODE § 11.11(e) (providing that "[i]f a portion of property of an institution of higher education is used for public purposes and a portion is not used for those purposes, the portion of the property used for public purposes is exempt under this subsection"); *Hays Cty. Appraisal Dist.*, 973 S.W.2d at 423 (determining that a building and parking lot leased to a university and subleased in part to private attorneys and commercial tenants was not entitled to tax exemption).

## S U M M A R Y

Property is exempt under Tax Code section 11.11 if a public entity holds legal or equitable title to the property and the property is used for public purposes. An owner who has the present right to compel legal title holds equitable title. A court is likely to determine that under subsection 11.11(e), property held or dedicated for the support, maintenance, or benefit of an institution or institutions of higher education that is leased to students or employees of such institution or institutions is tax exempt. If such property is leased to provide private residential housing to members of the public other than students and employees of the institution or institutions, the property may lose its exemption under subsection 11.11(e) of the Tax Code, in whole or in part.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee