**AFFIRM; Opinion Filed December 29, 2020**



**In The**
### Court of Appeals
### Fifth District of Texas at Dallas

**No. 05-19-01354-CV**

**DALLAS CENTRAL APPRAISAL DISTRICT, Appellant**
**V.**
**INTERNATIONAL AMERICAN EDUCATION FEDERATION INC.,**
**Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-18763**

## OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Dallas Central Appraisal District (DCAD) appeals the trial court's grant of summary judgment in favor of International American Education Federation Inc. (IAEF). In its sole issue on appeal, DCAD urges the court erred by concluding IAEF was entitled to an exemption for certain property it leased. We affirm the trial court's judgment.

### BACKGROUND

IAEF operates charter schools in Dallas County, Texas, as well as other counties in Texas. In 2016, IAEF leased real property (Property) from a private

landowner to operate IAEF's schools. In 2017, IAEF requested that DCAD designate the Property as exempt from *ad valorem* taxes under Section 11.11 of the Texas Tax Code. DCAD denied IAEF's exemption request, and IAEF followed DCAD's administrative appeal process. IAEF's administrative appeal resulted in a hearing before DCAD'S Appraisal Review Board (ARB), which denied IAEF's administrative appeal.

IAEF timely filed its petition for review in the Dallas County District Court. The parties filed cross-motions for summary judgment. The district court conducted a hearing on the competing motions for summary judgment and later issued a final judgment that granted IAEF's motion for summary judgment, denied DCAD's motion for summary judgment, and issued a final judgment in IAEF's favor, which granted IAEF the declaratory and injunctive relief requested in its petition.[1]

---

[1] The final judgment included the following declarations:

    a.  Property purchased or leased in conformance with Section 12.128 of the Texas Education Code is public property for all purposes under state law and is property of the state, and when the charter school has equitable title/ownership, including through a purchase option as present in this case, it is exempt from taxation pursuant to Section 11.11 of the Texas Tax Code as presented in Plaintiff's arguments in its Motion.

    b.  If there are no relevant changes to Section 12.128 of the Texas Education Code and Section 11.11 of the Texas Tax Code, and if [Plaintiff] continues to use the Subject Property as a public school in conformance with Section 12.128 of the Texas Education Code, the Subject Property will remain exempt from *ad valorem* taxation pursuant to Section 11.11 of the Texas Tax Code, and that no further application or request need be made by Plaintiff to maintain the exemption from *ad valorem* taxation on the Subject Property.

The final judgment further granted the following injunctive relief:

Defendant, Dallas Central Appraisal District, is ORDERED, effective immediately, to take all steps necessary to notify the Dallas County Tax Assessor-Collector that the Subject Property was and is exempt from ad valorem taxation, and ensure any taxes paid, penalties,

## DISCUSSION

In a single issue, DCAD urges the district court erred by concluding IAEF was entitled to an exemption for the Property.

We review a trial court's summary judgment rulings *de novo*. *KMS Retail Rowlett, LP v. City of Rowlett*, 559 S.W.3d 192, 197 (Tex. App.—Dallas 2017) (mem. op.), *aff'd*, 593 S.W.3d 175 (Tex. 2019). Both parties moved for summary judgment on traditional grounds, and thus each bore the burden of establishing that there are no issues of material fact and it is entitled to judgment as a matter of law. *See id.* When both parties move for summary judgment and the trial court grants one party's motion for summary judgment and denies the other party's motion, we can consider both motions, review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Id.*

Statutory construction is a question of law that we review *de novo*. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404 (Tex. 2016). Our primary objective is to give effect to the legislature's intent, which we ascertain from the plain meaning of the words used in the statute, if possible. *Id.* Tax exemptions are narrowly construed, and the taxpayer has the burden to "clearly show" that an exemption applies. *See* TEX. TAX CODE § 151.318(r); *id.*

---

fees or late charges assessed by the Dallas County Tax Assessor-Collector or any other taxing authority be disallowed, reversed and refunded to Plaintiff.

The Tax Code provides, except in circumstances not present here, "property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes." TAX § 11.11(a). Thus, in order to qualify for this exemption, IAEF must establish that the Property is (1) owned by the state and (2) used for a public purpose. *See id.* DCAD does not dispute that the Property is used for the public purpose of operating schools.[2] Instead, the parties dispute whether the Property is "***owned*** by this state or a political subdivision of this state." *See id.* (emphasis added).

Texas courts generally have defined "ownership" for taxation purposes in terms of the person or entity holding legal or equitable title. *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 585 S.W.3d 530, 534 (Tex. App.—Houston [14th Dist.] 2019, pet. granted) (citing *Childress Cty. v. State*, 92 S.W.2d 1011, 1015 (Tex. 1936) (person who has legal title is the "owner" for taxation purposes); *TRQ Captain's Landing L.P. v. Galveston Cent. Appraisal Dist.*, 212 S.W.3d 726, 732 (Tex. App.—Houston [1st Dist.] 2006) (explaining that legal and equitable title holders may claim tax exemption), *aff'd*, 423 S.W.3d 374 (Tex. 2014); *Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497–98 (Tex.

---

[2] "An open-enrollment charter school is part of the public school system of this state." TEX. EDUC. CODE § 12.105; *see also LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 78 (Tex. 2011) (holding open-enrollment charter school to be an "institution, agency, or organ of government" for purposes of the Texas Tort Claims Act).

–4–

App.—Dallas 2001, pet. denied) (common meaning of "owner" in Tax Code is person or entity holding legal title or equitable right to obtain legal title to property)); *see also Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 46 (Tex. 2018) ("Generally, equitable title has been considered sufficient to establish ownership for property tax purposes.").

Equitable title for these purposes includes "the present right to compel legal title." *AHF–Arbors at Huntsville I, LLC v. Walker Cty. Appraisal Dist.*, 410 S.W.3d 831, 837, 839 (Tex. 2012) (defining "equitable title" and holding that it is sufficient to establish ownership for the purpose of exemptions under the Tax Code); *see also Tex. Dep't of Corr. v. Anderson Cty. Appraisal Dist.*, 834 S.W.2d 130, 131 (Tex. App.—Tyler 1992, writ denied) (holding that where state in possession of property would acquire full legal title upon payment of all lease payments, property was "owned by the state 'no different[ly] from that of any private owner who holds property against which there is an outstanding lien'").

Whether property is publicly owned for tax-exemption purposes must be based on facts—not legislative declaration—establishing that the state or one of its political subdivisions has legal or equitable title. *Odyssey 2020 Acad., Inc.*, 585 S.W.3d at 534.

> Public ownership, for tax-exemption purposes, must grow out of the facts; it is a legal status, based on facts, that may not be created or conferred by mere legislative, or even contractual, declaration. If the state does not in fact own the taxable title to the property, neither the

–5–

Legislature by statute, nor the [parties], may make the state the owner thereof by simply saying that it is the owner.

*Id.* (quoting *Tex. Turnpike Co. v. Dallas Cty.*, 271 S.W.2d 400, 402 (Tex. 1954)).

IAEF argues, as the trial court declared, that it has equitable title to the Property because a purchase option within the lease agreement gave it the unqualified, unilateral right to assume fee title to the property.[3] The option within the lease agreement provides as follows:

> So long as no Event of Default then exists, Tenant shall have an option to purchase fee title to the Premises during the period between the Effective Date and August l, 2021. If Tenant fails to exercise its option to purchase the Premises within said time limitation, Tenant's option to purchase the Premises shall become null and void, subject to Landlord's approval, in its sole and absolute discretion, of an extension of the period to exercise the option. Notwithstanding anything to the contrary contained herein, if the Substantial Completion Date is delayed past the Anticipated Substantial Completion Date, then the expiration of the foregoing option periods will be extended on a day-for-day basis. Without limiting the generality of the foregoing and for illustrative purposes only, if the Substantial Completion Date is August 15, 2017, then the first option period will be extended through September 1, 2021.

The foregoing provision thus provides the lessee, IAEF, with the power to compel transfer of legal title. Accordingly, we conclude, under the facts of this case, there was no room for reasonable disagreement about whether IAEF could have

---

[3] IAEF's motion for summary judgment argued in the alternative that even if it did not hold equitable title at the time of the hearing before the DCAD ARB, Section 12.128 of the Education Code exempts the Property from *ad valorem* taxation under Section 11.11 of the Tax Code. Section 12.128 provides that property purchased or leased with funds received by a charter holder is considered to be public property for all purposes under state law. *See* EDUC. § 12.128(a). However, we need not address this basis for applying Section 11.11 because we conclude *infra* IAEF held equitable title to the Property.

compelled issuance of the title at any time from the effective date of the lease agreement.[4]

DCAD argues, however, that IAEF had no right to compel legal title to the Property and relies on decisions from the Austin Court of Appeals. *See Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.); *Hays Cty. Appraisal Dist. v. Sw. Tex. State Univ.*, 973 S.W.2d 419, 422 (Tex. App.—Austin 1998, no pet.). We find both decisions to be inapposite.

In *Hays County Appraisal District v. Southwest Texas State University*, a state university's private nonprofit support foundation purchased property and leased it back to the state university. *Sw. Tex. State Univ.*, 973 S.W.2d at 420. The state university and its foundation asserted title would pass to the state university upon full payment, but the lease agreement was silent on the issue of transfer of title. *See id.* at 422. The trustees of the foundation passed a resolution of intent to donate the property to the state university, but the appellate court concluded appellees "present[ed] no authority, however, under which such a resolution of intent establishe[d] a legally enforceable obligation to transfer title." *See id.*

---

[4] The record contains as an attachment to IAEF's motion for summary judgment a special warranty deed executed in favor of IAEF on December 20, 2018. At oral argument, DCAD's counsel conceded that special warranty deed granted IAEF legal title to the Property.

Similarly, in *Travis Central Appraisal District v. Signature Flight Support Corp.*, the appellate court held that a lease provision granting the lessee the right to sell its non-freehold interest in the property did not create equitable title. *See* 140 S.W.3d at 841. Instead, where "the City own[ed] the improvements but lease[d] them to appellees, it [was] perfectly correct to refer to appellees' ownership interests in the leased facilities and allow them the right to 'sell' that leasehold interest," not the fee interest. *See id.*

Here, in contrast to the facts in the above cases, the lease contains a purchase option that gave IAEF, by unilateral exercise of its own will, the immediate right to compel the transfer of fee title. We therefore agree with the district court's conclusion that IAEF held equitable title to the Property so as to be entitled to an exemption from *ad valorem* taxation provided in Section 11.11 of the Texas Tax Code.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191354F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS CENTRAL APPRAISAL
DISTRICT, Appellant

No. 05-19-01354-CV     V.

INTERNATIONAL AMERICAN
EDUCATION FEDERATION INC.,
Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-18763.
Opinion delivered by Justice
Schenck. Justices Osborne and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee INTERNATIONAL AMERICAN EDUCATION FEDERATION INC. recover its costs of this appeal from appellant DALLAS CENTRAL APPRAISAL DISTRICT.

Judgment entered this 29th day of December, 2020.